**BOARD OF SCHOOL TRUSTEES OF MICHIGAN CITY SCHOOLS,**
Appellant (Defendant Below),

v.

**Dottie EVETT, Appellee**
**(Plaintiff Below).**

No. 3–285A27.

Court of Appeals of Indiana,
Third District.

Sept. 26, 1985.

Rehearing Denied Nov. 22, 1985.

Merlyn C. Bartlett, Michigan City, for appellant.

David J. Emmert, Indianapolis, for amicus curiae Indiana School Boards Ass'n.

Richard J. Darko, Richard L. Ford, Tabbert & Capehart, Indianapolis, for appellee.

HOFFMAN, Judge.

Appellant Board of School Trustees of Michigan City Schools (Board herein) appeals from the trial court's judgment which awarded appellee Dottie Evett certain back pay and ordered Board to credit Evett with

one-half year experience credit for the period of time when Evett was on maternity leave during the first semester of the 1975–1976 school year. The facts relevant to this appeal are as follows.

In April of 1975, Evett requested, and was granted a maternity leave of absence for the first semester of the 1975–1976 school year. After giving birth to her child, Evett returned to work on January 5, 1976. At the time of Evett's leave there existed IND.CODE § 20–6–12–5.5, relating to leaves of absence for pregnant teachers. In pertinent part the statute provided: "This leave may be taken without jeopardy to re-employment, retirement and salary benefits, tenure and seniority rights." Also in existence was the 1975–1977 contract between the Michigan City Area Schools and the Michigan City Education Association. With respect to pregnancy leave, the contract contained in Article .1301(6) a statement identical to that as appeared in the statute as cited above.

On May 8, 1978, the Commission on General Education promulgated a rule codified at 510 I.A.C. § 2–3–1 (1978). The rule, known as Rule A–3, dealt with the reporting, by school corporations, of teaching experience for the purpose of state support. Rule A–3 provided that one year of experience recognized by the Indiana State Teachers Retirement Fund will be recognized as one-year experience for school support. Evett's application to the Retirement Fund for credit for retirement purposes for the period of her maternity leave of absence was granted in the amount of one-half year. Evett then applied to the school corporation asking it to give her credit on the local salary schedule for the additional one-half year of experience recognized by the Retirement Fund. Her request was denied. Evett's bargaining representative filed a grievance shortly thereafter. The school corporation denied the grievance and the bargaining representative did not pursue the grievance to arbitration.

On February 4, 1983, Evett filed her complaint against the Board. Her complaint and subsequently filed amended complaint sought damages on three counts. The first was based upon 510 I.A.C. § 2–3–1 and sought damages in the amount of the difference between the compensation which Evett was paid and that which she would have been paid if she would have been credited with teaching experience for the period of time when she was on maternity leave. The second sought damages on the same theory for a violation of IND. CODE § 20–6–12–5.5. Evett's third theory of recovery was based upon the 1975–1977 teacher's contract as she sought damages claiming entitlement to experience credit pursuant to the contract.

After a hearing on the merits, the trial court found that the Board had violated the statute, the administrative rule and the teaching contract by failing to give Evett experience credit for the one-half year she was on maternity leave. The court ordered the Board to pay Evett the difference between the salary she would have received if given the experience credit and the salary she actually received, and to credit her with the experience credit for each successive period of time since the semester she was on maternity leave. The Board appeals from that judgment.

As the judgment was based upon violations of three separate provisions, the judgment must not be disturbed if it is sustainable on any of the three legal theories. The first issue which must be addressed is whether the Commission on General Education had the statutory authority to promulgate 510 I.A.C. § 2–3–1, commonly known as "Rule A–3." The Board contends that the rule is void because the Commission did not have the authority to adopt it.

The Indiana General Assembly first created the Indiana State Board of Education in 1865. The enacting statute was intended to provide a general system for common schools. The State Board was empowered by the General Assembly to "make and adopt such rules, by-laws and regulations as may be necessary for its own government, ... and shall take cognizance of such questions as may arise in the practical ad-

ministration of the school system as are not otherwise provided for, and duly consider, discuss and determine the same." Acts 1865, p. 1, *et seq.*, §§ 153–154. In 1945, the General Assembly, "[f]or the efficient performance of the duties incident to the control and supervision of the schools of the State," divided the State Board into three commissions, one being the Commission on General Education. Acts 1945, ch. 330, § 1. The other two commissions, one on textbook adoptions and the other on teacher training and licensing, were given specific powers for the purpose of carrying out their namesake functions. The Commission on General Education, however, was given power over all other education matters. Acts 1945, ch. 330, §§ 2–4.

The Commission promulgated Rule A–3 on May 8, 1978. The rule dealt with the determination of teaching experience credit for the purpose of computing state support. The rule provided that:

"one school year of teaching experience in any of the following categories shall be recognized as one year of experience for state support. All teachers shall be paid on the local salary schedule not less than the same number of years for which state support is paid:

(A) teaching experience in any accredited public elementary or secondary school and other experience recognized by the Indiana Teachers Retirement Fund (IC 21-6.1-1.7) [.]"

The need for state support and the calculation thereof are questions which arise in the practical administration of the state school system. The 1865 Act gave the power to deal with such questions to the State Board of Education, and through subsequent acts, that power has been delegated to the Commission on General Education. In calculating state support, it is necessary that the Commission delineate what experience it will consider in its calculation. Furthermore, as the Commission is empowered to make rules and regulations

with respect thereto, and the amount of state support is paid thereon, the Commission acted within its authority when it required teachers to be paid on the local salary schedule no less than the same number of years for which state support was paid. Therefore, the Commission on General Education was acting within its statutory authority when it promulgated Rule A–3.

The Board contends that Evett failed to present evidence which would entitle her to prevail on her claim based upon a violation of 510 I.A.C. § 2-3-1. However, the record contains evidence of the salary level and amount which Evett was paid during the years for which she seeks relief, as well as the amount she would have been entitled to had she been given the experience credit by the Board, which the Retirement Fund had given her. The record also includes the letter from the Retirement Fund which informed Evett that one-half year service credit had been added to her retirement account,[1] and the denial by the Board of Evett's request for experience credit under the rule. This evidence supports the trial court's finding that had the School Board recognized Evett's request for the additional one-half year credit, she would have received additional compensation in the amount of $1,006.00 for regular school and $192.00 for summer school. As the finding is support by the evidence, there is no error.

Affirmed.

STATON, P.J., and GARRARD, J., concur.

---

**1.** If the School Board had wished to challenge this determination of the Indiana State Teachers Retirement Fund, it should have followed the procedures of the Administrative Adjudication Act, IND.CODE § 4–22–1–1 et seq.